O/C M/B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **MANRIQUEZ-Baltazar, Raul** Defendant, | ) | Magistrate Docket No. Case No. '08 MJ 2119 COMPLAINT FOR VIOLATION OF: **Title 8, U.S.C., Section 1326** Deported Alien Found in the United States (Felony) |

FILED 2008 JUL 11 PM 2:20 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA DEPUTY

The undersigned complainant, being duly sworn, states:

On or about October 8, 2007, within the Southern District of California, Defendant Raul MANRIQUEZ-Baltazar, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Michael Haynes

**Special Agent Michael Haynes**
**U.S. Immigration & Customs Enforcement**

**SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 11th DAY OF JULY 2008.**

W McCurine Jr.

**Hon. William McCurine, Jr.**
**U.S. Magistrate Judge**

# PROBABLE CAUSE STATEMENT

I, Special Agent Michael Haynes, U.S. Immigration & Customs Enforcement ("ICE"), declare under penalty of perjury, the following is true and correct:

Raul MANRIQUEZ-Baltazar came to my attention on or about July 7, 2008, pursuant to my duties with ICE. I determined that MANRIQUEZ had been deported from the United States in 2003 and conducted an inquiry as to whether he had since returned.

During this inquiry I reviewed records maintained by the Department of Homeland Security, to include a review of documents from MANRIQUEZ' alien file. During my review of records, I observed a Form I-213 (Record of Deportable/Inadmissible Alien) identifying him as a native and citizen of Mexico, born June 12, 1976. I also reviewed an immigration judge's order of removal entered on September 25, 2003, and a Form I-296 (Notice to Alien Ordered Removed/Departure Verification). This latter form documents MANRIQUEZ' physical removal from the United States to Mexico on September 25, 2003, through the port at Otay Mesa, California, pursuant to the aforementioned immigration judge's order.

In addition to that already mentioned, I retrieved a photograph of MANRIQUEZ taken by U.S. immigration officers in preparation for his removal from the United States in 2003.

On or about July 7, 2008, I requested and received a narrative report authored by San Diego Police Officer Clayton on the evening of October 8, 2007. In this narrative report, Officer Clayton documents an encounter with MANRIQUEZ during which he was identified by name, date of birth, and physical appearance. A photograph was taken of MANRIQUEZ on October 8, 2007, as a result of this encounter and was retrieved by me.

The photograph taken on October 8, 2007, appears to be the same individual whose photograph was taken by U.S. immigration officers in preparation for removal from the United States in 2003.

I could find no indication that MANRIQUEZ had applied for or been granted permission to lawfully return to the United States after his deportation.

Michael Haynes

W McCurine Jr.